UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

MICHAEL ANTONELLO,

    Plaintiffs,

v.

WAL-MART STORES EAST, LP and
JOHN DOE,

    Defendant.
_____/

**DEFENDANT, WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, WAL-MART STORES EAST, LP ("Wal-Mart"), by and through the undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, hereby gives notice of removal of this case from the Tenth Judicial Circuit Court in and for Polk County, Florida, Case No. 2021-CA-0022040 to the United States District Court for the Middle District of Florida, Tampa Division, with full reservation of rights and defenses. As grounds for this Notice of Removal, Wal-Mart states the following:

### I. BACKGROUND

1. This removal is based on diversity of citizenship under 28 U.S.C. §§ 1332 (a)(1) and 1441 with the amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

2. On or about July 30, 2020, Plaintiff, Michael Antonello ("Plaintiff") commenced this action by filing a Complaint against Wal-Mart and John Doe in the Tenth Judicial Circuit Court in and for Polk County, Florida styled Michael Antonello v. Wal-Mart Stores East, LP and

John Doe, bearing Case No. 2021-CA-0022040.  *See* a true and correct copy of Plaintiff's Complaint attached hereto as **"Exhibit A."**

3. Plaintiff served his Complaint on Wal-Mart's registered agent on August 16, 2021. *See* a true and correct copy of the Return of Service and Summons, attached hereto as **"Exhibit B."**

4. The Complaint asserts a claim for premises liability (in Count I) and independent counts of negligence against Wal-Mart (in Count II) and John Doe as store manager (in Count II). *See* **"Exhibit A,"** ¶¶ 9-30.  Specifically, the Plaintiff alleges that on April 25, 2020, while being at the Wal-Mart store located at 5800 US Highway 98 N Lakeland, Polk County, Florida ("subject premises"), he slipped and fell on a foreign substance believed to have been remnants of a banana, sustaining significant personal injuries.  *See* **"Exhibit A,"** ¶ 8.  Plaintiff alleges that he sustained serious and permanent injuries.  *See id*. at ¶¶ 8, 16-17, 22-23, 27, 29-30.

5. Plaintiff further asserts that Wal-Mart and John Doe breached their various duties owed to him by failing to, among other things, maintain the floor in a reasonably safe condition, inspect the floor and correct the alleged dangerous condition, and adequately warn Plaintiff as to the existence of a dangerous condition, and failing to train its employees. *Id.* at ¶¶ 13 (a) –(d), 19 (a)-(m), and 26 (a) – (g).

6. In the Complaint, Plaintiff fails to allege any facts showing that John Doe was actively negligent in participating in a tort that cause the alleged incident.  Further, the Complaint fails to specifically allege that John Doe caused the alleged accident.  Moreover, Plaintiff fails to allege that John Doe was on duty at the subject premises at the time of Plaintiff's accident.  Rather, Plaintiff's Complaint is replete with broad-brush, generalized allegations of negligence against the unidentified John Doe in his/her capacity as the store manager.  *See*

2

**HAMILTON, MILLER & BIRTHISEL** LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

**"Exhibit A," ¶¶** 24-30.

7. The allegations in Plaintiff's Complaint clearly show that no basis exists for including a store manager in this action other than to defeat diversity jurisdiction and prevent removal of this matter.

8. Based upon the allegations in Plaintiff's Complaint, the amount in controversy exceeds the $75,000.00 jurisdictional threshold of this Court. [*See* Ex. A, ¶1]. Further, Plaintiff specifically alleges that he sustained serious and permanent injuries and damages from the alleged incident that exceed the circuit court's jurisdictional minimum. *See* Ex. A, ¶¶1, 8, 16-17, 22-23, 27, 29-30.

9. Furthermore, on April 20, 2021, prior to commencement of this lawsuit, Plaintiff submitted a pre-suit demand letter ("Demand Letter"), which indicated that ***Plaintiff incurred a total of $138,361.37 in past medical expenses*** in connection with the subject accident. Based on Plaintiff's alleged injuries and medical bills incurred (as of the date of the Demand Letter), Plaintiff offered to settle his claim for $400,000.00. A true and correct copy of Plaintiff's Demand Letter is attached hereto as **"Exhibit C."** [1]

10. Additionally, Plaintiff concedes that he resides in Polk County, Florida. *See* **"Exhibit A,"** ¶ 2. Plaintiff's allegation that he resides in Polk County, Florida is confirmed by his medical records for the medical treatment he allegedly received as a result of the April 25, 2020 incident. Moreover, the Declaration of Helene Baum, who performed a comprehensive background search on the Plaintiff, is attached hereto as **"Exhibit D,"** in order to establish Plaintiff's intent to remain in Florida for purposes of diversity jurisdiction. *See* Ex. D.

---

[1] Wal-Mart has not filed the medical records Plaintiff submitted with his Demand Letter in order to protect the Plaintiff's personal information and pursuant to the Court's administrative procedures. Should the Court wish to review these documents, Wal-Mart will provide same to the Court for an *in camera* inspection.

3

**HAMILTON, MILLER & BIRTHISEL** LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

11. At all material times, Wal-Mart Stores East, LP is a limited partnership which currently is, and at all material times, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. *See* 2021 Annual Report and Florida Department of State, Division of Corporations Entity Detail attached hereto as **Composite "Exhibit E"** which evidences Wal-Mart's principal place of business.

12. Wal-Mart submits that the citizenship of the unidentified store manager John Doe, should be disregarded when determining that complete diversity jurisdiction exists in this case, and that John Doe should be dismissed from this case entirely because he/she was not actively negligent, and therefore is not a proper party to this litigation.

13. In accordance with 28 U.S.C. §1446 (b)(3), this Notice of Removal is filed within thirty (30) days after receipt by Wal-Mart of Plaintiff's Complaint. *See* Ex. B. Therefore, the Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

14. As part of this Notice of Removal, Wal-Mart has attached a copy of the verified service of process, pleadings and other papers filed in the Tenth Judicial Circuit Court in and for Polk County, Florida, together with the docket sheet from the Clerk of Court. *See* State Court Filings, attached hereto as **Composite "Exhibit F,"** as required by 28 U.S.C. § 1446 (a).

15. Following the filing of this Notice of Removal with this Court, Wal-Mart will file a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d) with the state court where this action is pending and will give written notice thereof to all parties.

16. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed in this Court.

## II. REMOVAL IS TIMELY

17. In accordance with 28 U.S.C. § 146(b)(1), Wal-Mart files this Notice of Removal

within the requisite thirty (30) days from the date that it received a copy of Plaintiff's Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on August 16, 2021, which is when Plaintiff served his summons and Complaint upon Wal-Mart. *See* **"Exhibit B."**

18. Prior to service of Plaintiff's Complaint, Plaintiff submitted a Demand Letter outlining Plaintiff's claimed injuries and damages, including Plaintiff's incurred medical expenses arising from his April 25, 2020 incident. *See* **"Exhibit C."**

19. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, because the Tenth Judicial Circuit Court where Plaintiff filed his state court action is located in Polk County, Florida, which is located within the United States District Court for the Middle District of Florida, Tampa Division.

### III.   THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

20. The above described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court by Wal-Mart, pursuant to 28 U.S.C. §§ 1441 and 1446, in that:

   a. This is an action between citizens of different states; and
   b. This is a civil action in which the amount of the controversy exceeds the sum or value of $75,000.00, exclusive of interest and cots.

*See* 28 U.S.C. § 1332(a).

**A.  Citizenship of the Plaintiff, Michael Antonello:**

21. As stated above, Plaintiff concedes that he is resident of Polk County, Florida. *See* **"Exhibit A,"** ¶ 2. "It is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to

5

**HAMILTON, MILLER & BIRTHISEL** LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D. Fla.) (Cohn, J) (internal citations omitted); *Deckers v. Kenneth W. Rose, Inc.*, 592 F. Supp. 25, 28 (M.D. Fla. 1984). Moreover, based upon the background investigation conducted by Ms. Baum, it is clear that Plaintiff intends to remain in Florida. The information as to the length of Plaintiff's residence and ownership of real property in the state of Florida, Plaintiff's Florida Identification, Plaintiff's Florida vehicle registration, Plaintiff's Florida voter's registration, amongst other factors contained therein, Walmart submits that Plaintiff, in fact, *does intend to remain in the state of Florida*. *See* Ex. "D."

22. For purposes of diversity jurisdiction, the citizenship of an individual is determined by domicile, which is established by residence plus intent to remain there indefinitely. *Miss. Bank of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Travaglio v. Am. Exp. Co.*, 735 F3d 1266, 1268 (11th Cir. 2013) ("Citizenship is the equivalent of domicile for the purposes of determining diversity"). A person's domicile is the place of his true fixed, and permanent home and principal establishment, and to which he has intention of returning whenever he is absent therefrom. *Gabriel v. G2 Secure Staff, LLC,* 225 F. Supp. 3d 1370, 2016 U.S. Dist. LEXIS 181113 AT *2 (S.D. Fla. 2016).

23. In determining domicile, a court should consider both positive evidence and presumptions. *See Jones v. Law Firm of Hill and Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla 2001). One presumption is that the state in which a person resides at any given time is also that person's domicile. *Id.* Factors frequently taken into account when assessing the domicile of a party include: the party's current residence, payment of taxes, voter registration and voting practices; driver's license and automobile registration; situs of personal and real property; location of brokerage and bank accounts; membership in clubs, churches, fraternal organizations

6

**HAMILTON, MILLER & BIRTHISEL** LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

and other associations. *See Taylor v. Anz Heritage Church Fin. Inc.*, No. 10-cv-559-Orl-31GJK, 2010 U.S. Dist. LEXIS 83351, at *2 (M.D. Fla July 19, 2010). Federal courts have held that "[t]he objective facts bearing on an individual's entire course of conduct determine domicile for diversity jurisdiction purposes." *Jones*, 141 F. Supp. 2d at 1355. (internal quotation marks omitted). No single factor is conclusive; instead, the Court looks to the "totality of evidence." *Id.*

24. In the instant case, it is evident that Plaintiff intends to remain in Florida as Plaintiff has resided in the State of Florida since at least 2017. *See* **"Exhibit D."** Further, the Plaintiff currently owns a home in Florida, a vehicle, which has an active Florida Registration and is registered to the Plaintiff' in Florida, and has been an active registered Florida voter since 2017. *Id.* More importantly, the Plaintiff has never had any contacts, through residence history, property records search, or voter records search in either the states of Delaware or Arkansas. *Id.*

25. Based on the above, the totality of the circumstances surrounding Plaintiff's domicile in the state of Florida clearly demonstrate his intent to remain in the state. *See Taylor*, 2010 U.S. Dist. LEXIS 83351, at *2. As such, Wal-Mart, respectfully submits that by providing the sworn statement of an investigator it has met its burden of proof of demonstrating Plaintiff's citizenship in the state of Florida at the time of removal of this matter. *Travaglio*, 735 F. 3d at 1269 (sworn statement may be allowed to cure deficiencies in the jurisdictional pleadings).

**B. Citizenship of the Defendant, Wal-Mart Stores East, LP:**

26. At the time of the alleged incident, currently and at all material times, is a limited partnership which currently is, and at all material times, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. *See* **Composite "Exhibit E."**

7

HAMILTON, MILLER & BIRTHISEL LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

27. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP.

28. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies.

29. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at all material times, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company.

30. The sole member of Wal-Mart Stores East, LLC is, and was at all material times, Wal-Mart Stores, Inc.

31. Wal-Mart Stores Inc., is, and was at all material times, an incorporated entity under the laws of the State of Delaware.

32. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware.

33. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) at all material times is Bentonville, Arkansas.

**C. Citizenship of John Doe:**

34. Wal-Mart does not dispute that the store managers working at the subject premise were, at all times material hereto, likely citizens of the State of Florida. However, Wal-Mart submits that the Court should disregard the citizenship of the unidentified store manager, John Doe, when determining that complete diversity exists among the parties in this case, and dismiss John Doe from this case entirely as "it is well established under Florida law that [a store manger] does not incur personal liability for the corporation's tort merely by reason of the officer's

8

**HAMILTON, MILLER & BIRTHISEL** LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

official character." *See De Varona v. Discount Auto Parts, LLC*, 860 F. Supp. 2d 1344, 1347 (S.D. Fla. 2012) (quoting *Orlovsky v. Solid Surf*, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981).

35. Furthermore, U.S.C. § 1441(b)(1) instructs that in determining whether complete diversity of citizenship exists and the matter is removable pursuant 28 U.S.C. § 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. The Eleventh Circuit has held that, "[e]ven if the 'fictitious defendants were likely' not diverse, their citizenship must 'be disregarded for purposes of diversity jurisdiction'" *Smith v. Comcast Corp.*, 786 Fed. Appx. 935, 939 (11th Cir. 2019) (*quoting Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1395 n.11 (11th Cir. 2011)). In *Smith*, the plaintiff opposed removal to federal court on grounds that his claims against two unidentified company "supervisors," fictitiously named as "Number One" and "Number Two," and his allegations asserting their non-diverse residency precluded removal. *Id.* at 937. Specifically, the plaintiff argued that removal was improper because the defendants "knew or should have known that the fictitiously named defendants" were citizens of the same state as plaintiff. *Id.* at 938-939. The Eleventh Circuit affirmed the lower court's finding of diversity jurisdiction, finding that the lower court properly disregarded plaintiff's allegations concerning the fictitious defendants' citizenship. *Id.* at 939. Further, the Court held that "the law does not care whether the defendant knew the citizenship and true names of the fictitiously named defendants." *Id.*

36. Accordingly, in the instant matter, as in *Smith*, Plaintiff's allegations regarding the fictitiously named Defendant, JOHN DOE, should be disregarded from the Court's determination of the diversity of citizenship of the parties.

9

**HAMILTON, MILLER & BIRTHISEL** LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

### IV. THERE EXISTS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES BECAUSE THE JOINDER OF "JOHN DOE" AS A DEFENDANT IS A FRAUDULENT ATTEMPT TO DEFEAT VALID DIVERSITY JURISDICTION

37. Although Plaintiff and Wal-Mart's store managers are citizens of the State of Florida, complete diversity jurisdiction exists in this case under 28 U.S.C. § 1332(a)(1) because Plaintiff seeks to add the unidentified store manager JOHN DOE as a Defendant solely to defeat otherwise valid jurisdiction; therefore, the citizenship of Wal-Mart's store managers should be disregarded. *See Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011); *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006); *Tapscott v. MS Dealer Serv. Corp.*, 77 F. 3d 1353, 1360 (11th Cir. 1996).

38. In determining whether diversity jurisdiction exists, courts must disregard the citizenship of fraudulently joined parties. *See Tapscott*, 77 F. 3d at 1360. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate by clear and convincing evidence either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into the state court. *See Stillwell*, 663 F. 3d at 1332; *Henderson*, 454 F. 3d at 1281.

39. The determination of whether the resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of the removal, supplemented by affidavits submitted by the parties. *See Pacheco de Perez v. AT & T Co.*, 139 F. 3d 1368, 1380 (11th Cir. 1998); *Legg v. Wyeth*, 428 F. 3d 1317, 1322 (11th Cir. 2005) (finding error where the district court relied solely on allegation in plaintiff's complaint and refused to consider the defendants' affidavits in determining whether joinder of the resident defendant was fraudulent).

10

**HAMILTON, MILLER & BIRTHISEL** LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

40. The issue of whether there is no possibility the plaintiff can establish a cause of action against the resident defendant turns on whether liability can be imposed on the resident defendant. *Hunt v. Target Corp.*, Case No. 14-80266-CIV, 2014 U.S. Dist. LEXIS 54179, at *3-5 (S.D. Fla. Apr. 18, 2014); *Tynes v. Target Corp.*, Case No. 12-24302-CIV, 2013 U.S. Dist. LEXIS 40355, at *4-5 (S.D. Fla. Mar. 22, 2013). If a defendant shows that "there is no possibility that plaintiff can establish a cause of action against the resident defendant . . . the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Resources, LLC,* 484 F.3d 1293, 1297 (11th Cir. 2007).

41. In *Tynes*, the plaintiff, a Florida citizen, filed a complaint in state court alleging negligence against Target Corporation, a Minnesota citizen, and an unnamed employee, John Doe, arising from a slip and fall incident inside a Miami Target store. *Tynes v. Target Corp.*, 2013 WL 1192355 (S.D. Fla. Mar. 22, 2013). The case was removed by the defendant based on diversity of citizenship and amount in controversy, which the plaintiff admitted was over $75,000.00. *Id*. at *1. The plaintiff argued removal was improper as the plaintiff identified through discovery the identity of John Doe – Target employee Wilbert A. Hernandez – claimed that he was a resident of Miami-Dade County. *Id*. In denying the plaintiff's motion to remand, the court found there was little possibility that the plaintiff could prove a cause of action in negligence against the Target employee because the plaintiff failed to allege any individual duty was owed or that the subject tort was committed in the store manager's individual capacity. *Id.* at *4-6.

42. In *Tynes*, the Court reaffirmed the well-established Florida law that "a corporate agent or employee may not be held personally liable simply because of this general administrative responsibility or performance of some function of this employment-he or she must

11

**HAMILTON, MILLER & BIRTHISEL** LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

be actively negligent." (*quoting McElveen v. Peeler*, 554 So. 2d 270, 272 (Fla. 1st DCA 1989)); *see also, De Varona v. Discount Auto Parts, LLC.*, 860 F. Supp. 2d at 1348.

43. *In Niurka De Varona*, the plaintiff, a Florida citizen, filed a negligence claim against Advance Auto Parts, a Virgina Corporation. *Niurka De Varona*, 860 F. Supp. 2d 1344 (S.D. Fla. 2012). Plaintiff amended her complaint and named the store manager, a Florida resident, as a joint defendant asserting a separate count of negligence against the store manager. *Id.* Specifically, the plaintiff alleged the store manager had a duty to use ordinary care to maintain the store premises in a reasonable safe condition and was negligent by failing to remove the dangerous condition or warn the plaintiff of it. *Id.* Thereafter, the defendant removed the case arguing the citizenship of the store manager should be disregarded because he was fraudulently joined solely to avoid federal jurisdiction. *Id.* at 1346. In support of its notice of removal, Advance Auto Parts presented an affidavit from the store manager denying any personal responsibility for the plaintiff's incident, attesting that he was not in the parking lot when the alleged accident occurred, that he could not see the parking lot from his vantage point in the store, and that he had no knowledge of any hazardous condition in the parking lot on the date of the incident. *Id*. The court denied the plaintiff's motion to remand stating "plaintiff has provided no facts showing that [the store manager] played any role in her injuries" and that a store manager does not incur personal liability for a corporation's torts merely by reason of the store manager's official title. *See id*. (*citing Orlovsky*, 405 So. 2d at 1364).

44. Similarly, in *Pritchard,* the court also denied plaintiff's motion to remand because the plaintiffs failed to point to any evidence in support of their claim that the store manager was actively negligent. *Pritchard v. Wal-Mart Stores, Inc.*, Case No. 8:09-cv-46, 2009 U.S. Dist. LEXIS 18593, at *7. In *Pritchard*, the plaintiffs filed suit against defendants Wal-Mart and one

12

of its store managers in state court alleging claims of negligence and loss of consortium. *Id*. at *1. The plaintiffs alleged the store manager owed a duty to plaintiffs to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises,[2] and the store manager breached those duties by acting negligently in falling to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises. *Id*. Wal-Mart removed the case based upon diversity jurisdiction despite the Florida citizenship of the store manager pursuant to the fraudulent joinder doctrine. *Id*. Thereafter, the store manager filed a motion to dismiss based on fraudulent joinder. *Id*. The defendants submitted a declaration from the store manager, in which she stated she had no prior knowledge of the dangerous condition, and no one, including customers from her store, notified her of the dangerous condition prior to the plaintiff's incident. *Id*. at *2. Wal-Mart submitted evidence that the store manager was not personally involved in the incident at issue, and as such, the store manager could not be found to be actively negligent. *Id.* at *3. The court agreed with Wal-Mart that the store manager was fraudulently joined as a defendant because the plaintiffs could not establish that the store manager was personally at fault for the plaintiffs' injuries as there was no evidence to support that the store manager was actively negligent. *Id*. The court denied the plaintiffs' motion to remand and granted the store manager's motion to dismiss. *Id.*

45. Further, in *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* and *Franco v. Wal-Mart Stores East, L.P.,* the court dismissed the store employees who had been sued in their capacity as Wal-Mart managers on the basis that Plaintiff failed to allege any facts that the store managers were actively negligent (i.e. actively participated in braining about the plaintiff's

---

[2] Under Florida law, negligent mode of operation claims based upon transitory foreign substances are no longer a viable cause of action since the enactment of Florida Statute section 768.0755. *See Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418 (Fla. 4th DCA 2014). To be clear, *Pritchard* did not involve a transitory foreign substance.

incident. *See Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).

46. Similarly, in *Roman v. Wal-Mart Stores East, L.P.,* Case No. 9:20-cv-80869-SMITH, at D.E. 10 (M.D. Fla. September 1, 2020), the court denied plaintiff's motion to remand and dismissed the store manager, Charles Coleman, from the lawsuit finding that he was fraudulently joined to defeat diversity jurisdiction as the complaint failed to allege any facts that Charles Coleman actively participated in bringing about plaintiff's incident.

47. In the instant case, as in the case law cited above, there is no possibility that that Plaintiff can prove a cause of action for negligence against JOHN DOE because there are no allegations contained in the Complaint which indicate that JOHN DOE was actively negligent and/or actively and personally involved in bringing about Plaintiff's incident. *See Niurka De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 U.S. Dist. LEXIS 18359, at *7; *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016); *Roman v. Wal-Mart Stores East, L.P.,* Case No. 9:20-cv-80869-SMITH, at D.E. 10 (M.D. Fla. September 1, 2020).

48. For instance, Plaintiff's Complaint fails to allege any facts that JOHN DOE personally committed an act or omission of negligence and/or participated in the alleged tort, and did not play any role in Plaintiff's alleged injuries as JOHN DOE is not alleged to have:

    a. personally participated in the events leading up to Plaintiff's alleged accident and/or individually engaged in tortious conduct;

    b. witness the alleged accident;

    c. had knowledge of the alleged substance on the floor;

    d. observed the alleged substance on the floor;

    e. caused the alleged substance to be on the floor; and/or

    f. any knowledge pertaining to the identity of the individual who allegedly caused the alleged substance to be on the floor.

49. Therefore, JOHN DOE is not alleged to have any knowledge of the purported dangerous condition prior to Plaintiff's accident and had no involvement therewith. *See Niurka De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 2009 U.S. Dist. LEXIS at *7; *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016); *Roman v. Wal-Mart Stores East, L.P.,* Case No. 9:20-cv-80869-SMITH, at D.E. 10 (M.D. Fla. September 1, 2020).

50. Accordingly, there exists complete diversity jurisdiction because JOHN DOE was fraudulently joined in this case in a clear attempt to destroy otherwise valid jurisdiction. Therefore, the citizenship Wal-Mart's unidentified store manager, JOHN DOE, should be disregarded and this Court should dismiss JOHN DOE from the lawsuit entirely.

### V.     AMOUNT IN CONTROVERSY

51. The amount in controversy exceeds $75,000.00. Although the Complaint does not specify an amount in controversy other than Florida's circuit court jurisdictional minimum, it is clear from the demand letter that Plaintiff's claimed damages exceed this Court's jurisdictional minimum of $75,000.00. *See Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (discussing pre-suit demand letters are competent evidence of the amount in controversy); *see also Katz v. J.C. Penney Corp., Inc.*, 2009 WL

15

**HAMILTON, MILLER & BIRTHISEL** LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package).

52. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

53. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

54. In the instant case, the relevant portions of the Demand Letter outlining Plaintiff's past medical expenses conclusively establish that the amount in controversy exceeds this Court's $75,000.00 jurisdictional minimum. Specifically, Plaintiff's Demand Letter, including the medical records provided with the demand, show that ***Plaintiff's past medical bills alone total $138,361.47***. Further, based on Plaintiff's alleged injuries and medical bills, Plaintiff estimated his damages to be at least $400,000.00. See **"Exhibit C"** at p. 3. Additionally, Plaintiff's

Complaint alleges damages for pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of wages, loss of earning capacity, and the alleged need for future medical care. *See* Ex. A., ¶¶ 17, 23, 30.

55. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

56. For example, in *Katz v. J.C. Penney Corp.*, the Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at *4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiff because, like the Demand Letter, it was based on medical records provided by the plaintiff. *Id.*

57. District courts have found that the amount in controversy is satisfied by a showing that Plaintiff's pre-suit demand letter demonstrates Plaintiff's past medical bills exceed $75,000.00. For example, in *Stramiello v. Petsmart, Inc*., 2010 WL 2136550, at *3 (M.D. Fla. 2010), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92 and plaintiff alleged that his injuries were permanent and she would "surely seek recovery of future medical expenses and significant pain and suffering damages." *Id.* The court found the defendant established complete diversity and that the amount in controversy exceeded the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand.

17

**HAMILTON, MILLER & BIRTHISEL** LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

*Id.* at *5.

58.  Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur an additional $1 million dollars in future medical expenses as a result of her incident. *Wilson v. Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount of damages she sought, but only plead that her damages were in excess of $15,000.00, the court denied plaintiff's motion to remand finding plaintiff's pre-suit demand letter and unspecified damages in her complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.*

59.  Here, the Demand Letter, which estimates Plaintiff's damages to be in excess of $138,361.47 is alleged to be Plaintiff's honest assessment of his claimed damages as it is based on the past medical bills, past pain and suffering and his treating doctor's assessment of his injuries, which he previously provided to Wal-Mart. As such, this evidence demonstrates the Plaintiff's claimed damages in the instant case exceed $75,000.00. Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## VI.  CONCLUSION

This action is removable, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because the citizenship of JOHN DOE must be disregarded and there exist complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest, fees, and costs. Accordingly, original jurisdiction of this matter is vested in this Court and Wal-Mart respectfully requests that this action proceed in this Court as a matter properly removed.

18

**HAMILTON, MILLER & BIRTHISEL** LLP
150 S.E. SECOND AVENUE SUITE 1200 · MIAMI, FL, 33131
TELEPHONE: (305) 379-3686 · FACSIMILE: (305) 379-3690

**WHEREFORE**, Defendant WAL-MART STORES EAST, LP respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, filed in the Tenth Judicial Circuit in and for Polk County, Florida, Case No. 2021-CA-0022040, be removed from that court to the United States District Court for the Middle District of Florida, Tampa Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

Dated: September 15, 2021	Respectfully submitted,

/s/ *Yolyvee Y. Rivera*
Jerry D. Hamilton, Esq. (Lead Counsel)
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Yolyvee Y. Rivera, Esq.
Florida Bar No.: 074188
yrivera@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 SE Second Avenue, Suite 1200
Miami, Florida 33131
Telephone:	305-379-3686
Facsimile:	305-379-3690
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 15, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ *Yolyvee Y. Rivera*
Yolyvee Y. Rivera, Esq.

**SERVICE LIST**

| Joshua Wright, Esq.<br>Florida Bar No.<br>jwright@forthepeople.com<br>Morgan & Morgan, P.A.<br>One Tampa City Center<br>Tampa, FL 33602<br>*Attorney for Plaintiff* | Jerry D. Hamilton, Esq. (Lead Counsel)<br>Florida Bar No. 970700<br>jhamilton@hamiltonmillerlaw.com<br>Yolyvee Rivera, Esq.<br>Florida Bar No. 074188<br>yrivera@hamiltonmillerlaw.com<br>HAMILTON, MILLER & BIRTHISEL, LLP<br>150 S.E. Second Avenue Suite 1200<br>Miami, FL, 33131<br>Telephone:    (305) 379-3686<br>Facsimile:     (305) 379-3690<br>*Counsel for Defendant Wal-Mart Stores East, LP* |