IN THE CIRCUIT COURT FOR THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

MICHAEL ANTONELLO,

Plaintiff,

-vs-

WAL MART STORES EAST, LP,
a Foreign Limited Partnership, and           CASE NO.:
JOHN DOE,

Defendants.
_____/

# COMPLAINT

COMES NOW the Plaintiff, MICHAEL ANTONELLO, by and through her undersigned attorney, and sues Defendants, WAL MART STORES EAST, LP ("Walmart") and JOHN DOE, and alleges as follows:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiff, MICHAEL ANTONELLO, was a resident of Polk County, Florida.

3. At all times material hereto, the Defendant, Walmart, was authorized and doing business in Polk County, Florida.

4. At all times material hereto, Defendant, Walmart, owned, operated and maintained a store located 5800 US Hwy 98 N, Lakeland, Polk County, Florida, which was used as a store for the purposes of selling miscellaneous items to the general public ("Subject Premises").

5. At all times material hereto, John Doe[1], was the manager of the Subject Premises.

6. At all times material hereto and upon information and belief, John Doe was a resident of Polk County, Florida.

7. On or about April 25, 2020, the Plaintiff, MICHAEL ANTONELLO, went to the Subject Premises as a customer.

8. On or about that same date, Plaintiff, while at the Subject Premises, slipped on a foreign substance believed to have been remnants of a banana, fell, and suffered permanent injuries.

**COUNT I—PREMISES LIABILITY AGAINST WAL-MART STORES EAST, LP**

Plaintiff, MICHAEL ANTONELLO, re-alleges paragraphs 1-8 of the Complaint, incorporates them herein by reference, and further states as follows:

9. On or about April 25, 2020, Defendant, Walmart, owed Plaintiff, an invitee upon the Subject Premises, a non-delegable duty to maintain its premises in a reasonably safe condition.

10. On that same date, Defendant, Walmart, owed Plaintiff, a business invitee on the Subject Premises, a non-delegable duty to warn of dangerous and unsafe conditions on the premises of which it was aware, or in the exercise of reasonable care, those dangerous and unsafe conditions of which it should have been aware.

---

[1] Plaintiff has named the store manager as "John Doe" because the true name of the manager is currently unknown. *See generally, Grantham v. Blount, Inc.*, 683 So. 2d 538 (Fla. 2d DCA 1996).

11. On that same date and prior to Plaintiff's slip and fall, Walmart had actual knowledge of the foreign substance on the floor of the Subject Premises.

12. Alternatively, on that same date and prior to Plaintiff's slip and fall, Walmart had constructive knowledge of the foreign substance on the floor of the Subject Premises because the foreign substance had existed for such a length of time that, in the exercise of ordinary care, Walmart should have known of the condition, or the condition occurred with regularity and was therefore foreseeable.

13. Walmart breached the duties owed to the Plaintiff by committing one or more of the following omissions or commissions:

   a. Negligently failed to maintain or adequately maintain its floors on the Subject Premises in and around the front of the store, thus creating an unreasonably dangerous condition to members of the public utilizing said premises, including Plaintiff;

   b. Negligently failed to warn or adequately warn Plaintiff of the danger of the foreign substance on the ground in and around the front of the store when Defendant knew or through the exercise of reasonable care should have known that said area was unreasonably dangerous and that Plaintiff was unaware of same;

   c. Negligently failed to inspect or adequately inspect the Subject Premises to ascertain the presence of a foreign substance on the ground in and around the front of the store and to determine whether said foreign substance constituted a hazard to customers utilizing the Subject Premises, including Plaintiff, thus creating an unreasonably dangerous condition; and

    d. Negligently failed to correct or adequately correct the unreasonably dangerous condition of the presence of a foreign substance on the ground in and around the front of the store when Defendant knew of said condition or through the exercise of reasonable care Defendant should have known about the condition;

14. As a direct and proximate cause of the negligence of the Defendant, Walmart, Plaintiff slipped on the foreign substance on the floor of the Subject Premises, fell, and sustained permanent injuries.

15. Additionally or in the alternative, as a direct and proximate cause of the negligence of Defendant, Walmart, Plaintiff slipped on the foreign substance on the floor at the Subject Premises, fell, and suffered injuries that resulted in an aggravation of an existing disease or physical defect or activation of a latent disease or physical defect.

16. As a direct and proximate result of the negligence of Defendant, Walmart, Plaintiff sustained injuries and damages that include bodily injury and resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of wages, loss of earning capacity, and expenses of hospitalization and medical and nursing care and treatment. The losses are permanent and continuing and Plaintiff will suffer the losses into the future.

17. Additionally or the in the alternative, as a direct and proximate result of the negligence of Walmart, Plaintiff suffered injuries that resulted in an aggravation of an existing disease or physical defect or activation of a latent disease or physical defect, which resulted in damages that include bodily injury and resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of wages, loss of

earning capacity, and expenses of hospitalization and medical and nursing care and treatment. The losses are permanent and continuing and Plaintiff will suffer the losses into the future.

WHEREFORE, the Plaintiff, MICHAEL ANTONELLO, demands judgment against the Defendant, WAL-MART STORES EAST, LP, in an amount in excess of THIRTY Thousand ($30,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

**COUNT II—NEGLIGENCE AGAINST WAL-MART STORES EAST, LP**

Plaintiff, MICHAEL ANTONELLO, re-alleges paragraphs 1-8 of the Complaint, incorporates them herein by reference, and further states as follows:

18. On or about April 25, 2020, Defendant, Walmart, owed Plaintiff a duty to exercise reasonable care for Plaintiff's safety.

19. Defendant, Walmart, breached the duty owed to Plaintiff by committing one or more of the following omissions or commissions:

   a. Negligently failed to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floor in or around the front of the store of the Subject Premises for transitory foreign substances or other dangerous conditions;

   b. Negligently failed to train and/or inadequately trained its employees to inspect and/or maintain the floor in or around the front of the store of the Subject Premises for dangerous conditions;

   c. Negligently failed to follow its own corporate policy(ies) regarding dangerous conditions on the ground at the Subject Premises, such as foreign transitory substances;

d. Negligently failed to have adequate policies in place to identify dangerous conditions that may have accumulated on the floor around front of the store of the Subject Premises despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

e. Negligently failed to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

f. Negligently failed to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

g. Negligently engaged in routine or regular practice of business that was not the reasonable custom of the community;

h. Negligently created policies and/or procedures that allowed unacceptable long periods of time between inspections of the floor in or around the front of the store of the Subject Premises, which resulted in the creation or existence of a foreign substance, which existed for a sufficient amount of time to place Defendant on notice of the dangerous condition;

i. Negligently failing to install and provide a safe flooring surface in the Subject Premises;

j. Negligently selected and/or utilized flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known pooling of foreign substances and/or spills were likely to occur on the flooring;

k. Negligently selected and/or utilized flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

l. Negligently selected and/or utilized flooring that failed to tolerate liquid and/or moisture, acting to make the flooring slick like ice when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring; and

m. Negligently failed to act reasonable under the circumstances.

20. As a direct and proximate cause of the negligence of the Defendant, Walmart, Plaintiff slipped on the foreign substance on the floor of the Subject Premises, fell, and sustained permanent injuries.

21. Additionally or in the alternative, as a direct and proximate cause of the negligence of Defendant, Walmart, Plaintiff slipped on the foreign substance on the floor at the Subject Premises, fell, and suffered injuries that resulted in an aggravation of an existing disease or physical defect or activation of a latent disease or physical defect.

22. As a direct and proximate result of the negligence of Defendant, Walmart, Plaintiff sustained injuries and damages that include bodily injury and resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the


enjoyment of life, loss of wages, loss of earning capacity, and expenses of hospitalization and medical and nursing care and treatment. The losses are permanent and continuing and Plaintiff will suffer the losses into the future.

23. Additionally or the in the alternative, as a direct and proximate result of the negligence of Walmart, Plaintiff suffered injuries that resulted in an aggravation of an existing disease or physical defect or activation of a latent disease or physical defect, which resulted in damages that include bodily injury and resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of wages, loss of earning capacity, and expenses of hospitalization and medical and nursing care and treatment. The losses are permanent and continuing and Plaintiff will suffer the losses into the future.

WHEREFORE, the Plaintiff, MICHAEL ANTONELLO, demands judgment against the Defendant, WAL-MART STORES EAST, LP, in an amount in excess of THIRTY Thousand ($30,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

## COUNT III—NEGLIGENCE AGAINST JOHN DOE

Plaintiff, MICHAEL ANTONELLO, re-alleges paragraphs 1-8 of the Complaint, incorporates them herein by reference, and further states as follows:

24. On or about April 25, 2020, Defendant, John Doe, as the manager of the subject store or Subject Premises, owed Plaintiff a duty to exercise reasonable care to provide a reasonably safe environment for customers of the store, to inspect and maintain the store environment, to request and authorize maintenance to the store, and to prevent customers from being exposed to dangerous conditions in the store such that customers would be protected from reasonably foreseeable injuries.

25. On that same date, John Doe, as the manager of the subject store or Subject Premises, owed Plaintiff a duty to warn of dangerous and unsafe conditions on the premises of which he or she

was aware, or in the exercise of reasonable care, those dangerous and unsafe conditions of which he or she should have been aware.

26. On that same date, John Doe breached his or her duties owed to Plaintiff by committing one or more of the following omissions or commissions:

   a. Negligently failed to prevent reasonably foreseeable injuries to customers by failing to maintain, authorize the maintenance of, or remedy or clean up the substance on the floor at the store;

   b. Negligently failed to warn or adequately warn Plaintiff of the substance on the floor at the store, which resulted in a dangerous and/or unsafe condition, when John Doe knew or should have known of said danger and that Plaintiff was unaware of said danger;

   c. Negligently failed to inspect or adequately inspect the property to determine whether a substance on the floor of the store existed, which resulted in a dangerous and/or unsafe condition;

   d. Negligently failed to train or adequately train his or her employees in adequately remedying dangerous conditions, such as the substance on the floor at the Subject Premises;

   e. Negligently failed to train or adequately train his or her employees to maintain the floor of the Subject Premises so as to avoid creating dangerous condition such as the substance on the floor at the Subject Premises;

   f. Negligently failed to train or adequately train his or her employees to warn customers of the store's dangerous conditions, such as the substance found on

    the floor, through the proper placement of warning signs, and/or failing to properly supervise the employees in maintaining the same; and

  g. Negligently failed to alert or timely alert Walmarts of the substance on the floor on the Subject Premises in order to request and authorize remedy or maintenance of the same.

27. As a direct and proximate cause of the negligence of John Doe, Plaintiff slipped on the substance on the floor, fell, and sustained serious injuries.

28. Additionally or in the alternative, as a direct and proximate cause of the negligence of Defendant, John Doe, Plaintiff slipped on the foreign substance on the floor at the Subject Premises, fell, and suffered injuries that resulted in an aggravation of an existing disease or physical defect or activation of a latent disease or physical defect.

29. As a direct and proximate result of the negligence of Defendant, John Doe, Plaintiff sustained injuries and damages that include bodily injury and resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of wages, loss of earning capacity, and expenses of hospitalization and medical and nursing care and treatment. The losses are permanent and continuing and Plaintiff will suffer the losses into the future.

30. Additionally or the in the alternative, as a direct and proximate result of the negligence of John Doe, Plaintiff suffered injuries that resulted in an aggravation of an existing disease or physical defect or activation of a latent disease or physical defect, which resulted in damages that include bodily injury and resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of

wages, loss of earning capacity, and expenses of hospitalization and medical and nursing care and treatment. The losses are permanent and continuing and Plaintiff will suffer the losses into the future.

WHEREFORE, the Plaintiff, MICHAEL ANTONELLO, demands judgment against the Defendant, JOHN DOE, in an amount in excess of THIRTY Thousand ($30,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

DATED this 30 day of July, 2021.

    */s/ Joshua Wright, Esq.*
    Joshua Wright, Esquire
    Morgan & Morgan Tampa, P.A.
    One Tampa City Center
    Tampa, FL 33602
    Tele: (813) 223-5505
    Fax: (813) 223-5402
    Florida Bar #: 0099230
    jwright@forthepeople.com
    Attorney for Plaintiff