UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL ANTONELLO,

    Plaintiff,

v.                      Case No. 8:21-cv-2194-VMC-TGW

WAL-MART STORES EAST, LP, and
JOHN DOE

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiff Michael Antonello's Motion to Remand (Doc. # 9) and Motion to Amend Complaint (Doc. # 10), both filed on October 12, 2021. Defendant Wal-Mart Stores East, LP responded to both Motions on October 27, 2021. (Doc. ## 16, 17). For the reasons that follow, the Court grants the Motion to Remand, denies the Motion to Amend Complaint as moot, and remands the case.

**I.   Background**

Antonello initiated this case in state court on July 30, 2021. (Doc. # 1-1). The case arises from injuries sustained by Antonello when he slipped and fell at a Wal-Mart store in Lakeland, Florida. See (Id.). The Complaint did not allege a

1

specific amount of damages, merely alleging that "[t]his is an action for damages that exceeds the sum of [$30,000]." (Id. at ¶ 1).

Wal-Mart removed the case to this Court on September 15, 2021, on the basis of diversity jurisdiction. (Doc. # 1). As part of the documents attached to its Notice of Removal, Wal-Mart attached Antonello's demand letter. (Doc. # 1-8). In that letter, Antonello listed his past medical expenses as totaling $138,361.47. (Id. at 3).

Within a month of removal, Antonello filed the instant Motions. (Doc. ## 9, 10). The Motions are fully briefed (Doc. ## 16, 17) and ripe for review.

## II.  **Legal Standard**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires that the action is between "citizens of different States" and that "the matter

2

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

## III. **Analysis**

Antonello argues that this case must be remanded to state court because Wal-Mart has not met its burden of showing that the amount in controversy is at least $75,000. The Court agrees.

Antonello argues that "most of [his] past medical expenses have already been paid by Medicaid through [Antonello's] insurance provider," and he attaches a composite of medical records in support. (Doc. # 9 at 10; Doc. # 9-1).

While Antonello acknowledges that case law is "split" on whether post-trial setoffs are relevant at the jurisdictional stage, he argues that this case is distinguishable because

3

"Medicaid made these payments *pre*-removal and Florida law limits [Antonello's] ability to present and recover for past medical expenses anything more than the amount paid by Medicaid." (Doc. # 9 at 10, 11-12). Based on a claims report that he attaches to his Motion, Antonello argues that his damages for past medical expenses will be limited to $5,523.10, the amount already paid by Medicaid. (Id. at 12).

Florida law prohibits a plaintiff in a tort action from recovering damages for expenses that have already been paid through a collateral source as follows:

> In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to the claimant, from all collateral sources; however, there shall be no reduction for collateral sources for which a subrogation or reimbursement right exists. Such reduction shall be offset to the extent of any amount which has been paid, contributed, or forfeited by, or on behalf of, the claimant or members of the claimant's immediate family to secure her or his right to any collateral source benefit which the claimant is receiving as a result of her or his injury.

Fla. Stat. § 768.76(1). The statute, however, carves out an exception for benefits received from federal healthcare programs:

> Notwithstanding any other provision of this
> section, benefits received under Medicare, or any
> other federal program providing for a Federal
> Government lien on or right of reimbursement from
> the plaintiff's recovery, the Workers' Compensation
> Law, the Medicaid program of Title XIX of the Social
> Security Act or from any medical services program
> administered by the Department of Health shall not
> be considered a collateral source.

Fla. Stat. § 768.76(2)(b).

Here, as admitted by Antonello in his Motion and as reflected in the attached documentation, Antonello is a Medicaid recipient.[1] And benefits received under Medicaid "shall not be considered a collateral source and they are not subject to a setoff" under the statute. See Matrisciani v. Garrison Prop. & Cas. Ins. Co., 298 So. 3d 53, 58 (Fla. 4th DCA 2020).

However, that does not mean that Antonello will be able to recover the entire $138,361.47 in claims submitted by healthcare providers. Florida courts have held that "Section

---

[1] The documents that Antonello attached to his Motion demonstrate that Antonello is a participant in the Florida Medicaid Casualty Recovery Program. See, e.g., (Doc. # 9-1 at 10-11). That program is administered pursuant to Fla. Stat. § 409.910, et seq., which provides that "[a]ll other sources of payment for medical care are primary to medical assistance provided by Medicaid" and mandates that, when a third party is liable to a Medicaid recipient after medical assistance has been provided by Medicaid, Medicaid shall be repaid in full. Indeed, the claim report submitted by Antonello lists the amount of $5,523.10 as the "preliminary subrogation claim." See (Doc. # 9-1 at 14).

768.76, Florida Statutes (2017), is clear[]. A trial court cannot setoff the difference between the amount billed and the amount [Medicaid] paid." Gulfstream Park Racing Ass'n, Inc. v. Volin, No. 4D19-3471, 2021 WL 1997278, at *3 (Fla. 4th DCA May 19, 2021); Dial v. Calusa Palms Master Ass'n, Inc., 308 So. 3d 690, 692 (Fla. 2d DCA 2020) (affirming trial court's order limiting past medical expenses to Medicare bills that were indisputably tendered and paid); Coop. Leasing, Inc. v. Johnson, 872 So. 2d 956, 960 (Fla. 2d DCA 2004) (holding that "the appropriate measure of compensatory damages for past medical expenses when a plaintiff has received Medicare benefits does not include the difference between the amount that the Medicare providers agreed to accept and the total amount of the plaintiff's medical bills). As the Cooperative Leasing court explained:

> Section 768.76 excludes Medicare benefits as a collateral source because the federal government has a right to reimbursement from [plaintiff's] recovery for payments it has made on her behalf. Under federal law the government's right to reimbursement does not extend to amounts never actually paid to medical providers. See 42 U.S.C. § 1395y(b)(2)(B)(i). If we adopted [plaintiff's] construction of "benefits received" she would be entitled to recover an amount equal to the full amount of her medical bills, including the amount for which she never became liable and for which the federal government has no right to reimbursement. This would result in a windfall that is contrary to the legislative policy evidenced by section 768.76.

> Consequently, the amount that was written off by her medical providers cannot be considered "benefits received" under section 768.76(2)(b).

Coop. Leasing, 872 So. 2d at 960.

In other words, under current Florida law, Antonello would likely not be precluded from recovering $5,523.10 in damages because "benefits received" from Medicaid are exempted from the collateral-source rule under Fla. Stat. § 768.76(2)(b). However, he would not be entitled to receive the difference between his total medical bills and the amount paid out by Medicaid under Dial and Cooperative Leasing.

The Court agrees with Antonello that, under the relevant Florida law, "[t]he fact that Medicaid has paid [Antonello's] past medical expenses is pivotal to this Court's determination of the amount in controversy because it likely restricts the total amount of past medical expenses [Antonello] can present and recover at any future trial." (Doc. # 9 at 11). Notably, Wal-Mart does not dispute Antonello's argument on this point, nor does it provide any alternative calculation of Antonello's medical expenses. See (Doc. # 16 at 8) (arguing that "even if Plaintiff's entitlement after Medicaid payments were only $5,523.10 . . . the amount-in-controversy requirement is satisfied due to non-economic damages and "projected future expenses").

Furthermore, "the weight of authority [within this Circuit] considers pre-removal payments when determining the amount in controversy for jurisdictional purposes." Walsh v. Target Corp., No. 6:20-cv-1185-RBD-EJK, 2020 WL 5634125, at *4 (M.D. Fla. Aug. 27, 2020), report and recommendation adopted, No. 6:20-cv-1185-RBD-EJK, 2020 WL 5628903 (M.D. Fla. Sept. 21, 2020) (considering pre-removal payment from plaintiff's insurer when calculating the amount in controversy because Florida Statute § 768.76 limited plaintiff's damages); see also Jackson v. St. Jude Med. Neuromodulation Div., 62 F. Supp. 3d 1343, 1347 (M.D. Fla. 2014) (taking into account payments made prior to removal for plaintiff's medical care in determining amount in controversy and finding that, where only $10,000 remained to be paid, remand was appropriate); Armbrister v. Cumberland Farms, Inc., No. 2:17-cv-14062, 2017 WL 7794284, at *2 (S.D. Fla. July 24, 2017) (similar).

The other damages pled in the complaint and mentioned in the demand letter – past pain and suffering, loss of capacity for the enjoyment of life, unstated loss of wages, unstated loss of earning capacity, future medical expenses, and future pain and suffering – are too speculative to include in the Court's calculation. See Pennington v. Covidien LP, No. 8:19-

cv-273-VMC-AAS, 2019 WL 479473, at *2 (M.D. Fla. Feb. 7, 2019)(excluding lost wages and pain and suffering damages from the amount in controversy calculation because the Court "would [] be required to engage in rank speculation to ascribe any monetary value to these damages"). Without these non-economic damages, the only concrete damages established in this case are less than $6,000 – far short of the $75,000 needed to establish diversity jurisdiction.

In short, Wal-Mart has not carried its burden of establishing this Court's diversity jurisdiction by a preponderance of the evidence. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Plaintiff Michael Antonello's Motion to Remand (Doc. # 9) is **GRANTED.**

(2)  Antonello's Motion to Amend Complaint (Doc. # 10) is **DENIED AS MOOT.**[2]

---

[2] See Sinton v. Creative Hairdressers, Inc., No. 10-80021-CIV, 2010 WL 11602240, at *1 n.2 (S.D. Fla. Mar. 26, 2010) ("Since the Court is granting Plaintiff's Motion for Remand, all other pending motions, including the Motion to Amend to add two Florida residents as defendants and the underlying issue of whether such joinder would destroy diversity of

(3)   The Clerk is directed to **REMAND** this case to state court. After remand, the Clerk shall terminate all other pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of November, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

citizenship, are moot for purposes of this Court's jurisdictional decision.").